## Mississippi Electronic Courts
## Fifteenth Circuit Court District (Lamar Circuit Court)
## CIVIL DOCKET FOR CASE #: 37CI1:24-cv-00054-PH

| | |
|---|---|
| COULTER et al v. STATE FARM FIRE AND CASUALTY COMPANY et al | Date Filed: 05/31/2024 |
| Assigned to: Prentiss G. Harrell | Current Days Pending: 140 |
| | Total Case Age: 140 |
| | Jury Demand: Plaintiff |
| **Upcoming Settings:** | Nature of Suit: Breach of Contract (45) |

None Found

---

**Plaintiff**

**WILLIAM COULTER**                     represented by     **Matthew Wade Gilmer**
Matthew Wade Gilmer & Assoc. PLLC
P.O. Box 7
PICKWICK DAM, TN 38365
731-251-4300
Email: matt@matthewgilmerlegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KIM COULTER**                         represented by     **Matthew Wade Gilmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**STATE FARM FIRE AND CASUALTY COMPANY**     represented by     **Calen James Wills**
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
Post Office Drawer 1529
PASCAGOULA, MS 39568
228-762-6631
Fax: 228-769-6392
Email: calen@bnscb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2024 | 1 | Civil Cover Sheet. (Sellers, Pam) (Entered: 05/31/2024) |
| 05/31/2024 | 2 | COMPLAINT (JURY TRIAL DEMANDED) against JOHN DOES 1-10, STATE FARM FIRE AND CASUALTY COMPANY, filed by WILLIAM COULTER, KIM COULTER. (Sellers, Pam) (Entered: 05/31/2024) |
| 09/06/2024 | 3 | SUMMONS Issued to STATE FARM FIRE AND CASUALTY COMPANY. (Sellers, Pam) (Entered: 09/06/2024) |

| 10/18/2024 | 4 | NOTICE of Notice of Removal by STATE FARM FIRE AND CASUALTY COMPANY (Attachments: # 1 Exhibit A Notice of Removal,) (Wills, Calen) (Entered: 10/18/2024) |

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

| Court Identification Docket # | | | |
|---|---|---|---|
| 3 7 1 | C I | County # | Judicial District | Court ID (CH, CI, CO) |

Case Year: 2 0 2 4
Docket Number: 0 5 4
Local Docket ID

0 5 3 1 2 4
Month  Date  Year
This area to be completed by clerk

Case Number if filed prior to 1/94

In the CIRCUIT    Court of LAMAR    County —    Judicial District

### Origin of Suit (Place an "X" in one box only)
☒ Initial Filing  ☐ Reinstated  ☐ Foreign Judgment Enrolled  ☐ Transfer from Other court  ☐ Other
☐ Remanded  ☐ Reopened  ☐ Joining Suit/Action  ☐ Appeal

### Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form
**Individual** Coulter    Keith
Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV
___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of
___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity D/B/A or Agency

**Business**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below: D/B/A

**Address of Plaintiff** 6 Chandeleur Point Hattiesburg, MS 39402-8724
**Attorney (Name & Address)** Matthew Wade Gilmer, 2953 Bienville Blvd., No. 175, Ocean Springs, MS 39564    MS Bar No. 104685
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

### Defendant - Name of Defendant - Enter Additional Defendants on Separate Form
**Individual**
Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV
___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of
___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity: D/B/A or Agency

**Business** State Farm Fire & Casualty Co.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below: D/B/A

**Attorney (Name & Address) - If Known** M.W.G.    MS Bar No. 104685

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Minor Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☒ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Intentional Tort |
| **Appeals** | ☐ Joint Conservatorship & Guardianship | ☒ Insurance | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Heirship | ☐ Specific Performance | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Intestate Estate | ☐ Other | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Minor's Settlement | **Statutes/Rules** | ☐ Mass Tort |
| ☐ Justice Court | ☐ Muniment of Title | ☐ Bond Validation | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Name Change | ☐ Civil Forfeiture | ☐ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Testate Estate | ☐ Declaratory Judgment | ☐ Premises Liability |
| ☐ Other | ☐ Will Contest | ☐ Injunction or Restraining Order | ☐ Product Liability |
| | ☐ Alcohol/Drug Commitment (Involuntary) | ☐ Other | ☐ Subrogation |

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other

FILED
LAMAR COUNTY  MAY 31 2024  CIRCUIT CLERK

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

WILLIAM COULTER
AND KIM COULTER                                                      PLAINTIFFS

VS.                                    CIVIL ACTION NO.: 37:24cv054

STATE FARM FIRE AND
CASUALTY COMPANY
AND JOHN DOES 1-10                                                   DEFENDANTS

### C O M P L A I N T
### (Jury Trial Demanded)

COME NOW the Plaintiffs, William Coulter and Kim Coulter, and file this civil action

against the Defendants, State Farm Fire and Casualty Company and John Does 1 through 10, and

in support thereof would show unto the Court the following, to-wit:

### PARTIES

1.    Plaintiffs, William and Kim Coulter are adult resident citizens of Lamar County

whose residential address is 6 Chandeleur Point Hattiesburg, MS 39402-8724.

2.    Defendant, State Farm Fire and Casualty Company, hereinafter referred to as "State

Farm", is a foreign corporation organized and existing by virtue of the laws of the State of Illinois,

with its principal place of business in Bloomington, Illinois. Service of process may be had by

service of Summons and this Complaint upon State Farm's Registered Agent, United States

Corporation Company located at 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or by

service upon the Mississippi Department of Insurance Commissioner, Mike Chaney, at 1001

Woolfolk State Office Building, 501 North West Street, Jackson, Mississippi.

3.    Defendants, John Does 1 through 10, are fictitious Defendants, the true identity of

each is unknown to Plaintiffs and who are parties herein pursuant to Rule 9(h) of the Mississippi

**FILED**

LAMAR
COUNTY    MAY 3 1 2024    CIRCUIT
CLERK

Rules of Civil Procedure. When Plaintiffs discover the true identity of each fictitious Defendant, the Complaint shall be amended with service of process to be executed on each party.

**JURISDICTION AND VENUE**

4.      Jurisdiction is proper in this Court because the property at issue rests in Lamar County, Mississippi and further the acts and/or omissions giving rise to this cause of action occurred in Lamar County, Mississippi.

5.      Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3.

**I. BACKGROUND FACTS**

4.      Plaintiffs own a residential structure located at 6 Chandeleur Point Hattiesburg, MS 39402 (hereinafter "Home"). At all times material hereto, there existed a contract between Plaintiffs and Defendants which provided for a policy of insurance which insured the Home against property damage.

5.      The State Farm Homeowners Policy defines "*dwelling*" as "the *building structure* on the *residence premises* used as a primary private residence and includes structures attached to the *dwelling*."[1] Further, under Section I – Property Coverages, Coverage A – Dwelling provided coverage to "the *dwelling* and material and supplies located on or adjacent to the *residence premises* for use in construction, alteration or repair of the *dwelling* or other structures on the *residence premises*."   Covered losses under the dwelling coverage provided coverage for "accidental physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.  However, loss does not include and [State Farm] will not pay for, any *diminution in value*."

---

[1] The emphases contained in the quoted language of the policy refer to terms defined in the policy.

2.



LAMAR COUNTY    MAY 3 1 2024    CIRCUIT CLERK

6.    Pursuant to said policy of insurance, State Farm was obligated to pay to Plaintiffs the replacement cost value of any damage to the Home caused by wind and hail pursuant to **Loss Settlement Provision** shown in the ***Declarations***.  The dwelling coverage in Plaintiffs' insurance contract and declarations contained **A1 – Replacement Cost Loss Settlement – Similar Construction** covering the "cost to repair or replace with similar construction and for the same use on the premises shown on the ***Declarations***".

7.    At all times material herein Plaintiffs' Home was insured under the terms and conditions of the contract of insurance. All premiums due pursuant to said contract of insurance were fully paid and Plaintiffs have fully and materially performed all acts precedent to collection of benefits under the terms of said policies of insurance.

8.    On June 1, 2021, and again on April 17, 2022, a severe hailstorm struck the Home thereby damaging the roof and other property of the Home beyond repair. Plaintiffs made a demand that State Farm repair the property damage but the claim was arbitrarily denied.

9.    In response to Plaintiffs' claim for insurance benefits under the dwelling coverage of the Homeowners Policy, State Farm sent a correspondence to Plaintiffs' referencing the appraisal provision of the policy. *See* March 8, 2023 Correspondence attached hereto as **Exhibit 1**. Importantly, State Farm failed to acknowledge a loss based on an occurrence, as required by the appraisal provision.  State Farm failed to adjust the loss by sending a representative to Plaintiffs' residence and arbitrarily attempted to invoke the appraisal provision of the policy.

10.    Plaintiffs allege that State Farm was arbitrary and capricious in the delay and/or denial of Plaintiffs' property damage claims, as State Farm intentionally or recklessly chose to ignore the clear terms of the policies and marketing materials.

**FILED**

LAMAR COUNTY    MAY 3 1 2024    CIRCUIT CLERK

3

11.    Due to Defendant State Farm's arbitrary and capricious denial of property damage indemnification benefits owed to Plaintiffs, the Plaintiffs are entitled to compensatory damages, statutory penalties, costs and attorney's fees as set forth below.

## COUNT ONE
## BREACH OF CONTRACT

12.    Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 11 of this Complaint and incorporates the same by reference as if fully set forth herein.

13.    Plaintiffs allege that the Defendant arbitrarily and capriciously breached the insurance contract by failing to pay property damage indemnification benefits owed under the terms and conditions of said contracts of insurance.

14.    Plaintiffs allege that the Defendant arbitrarily declined to pay property damage indemnification benefits although there was an undisputed triggering weather event, and clear damage to the Plaintiffs' Home, an accidental direct physical loss as described by the policy. The Plaintiffs further shows that this is a breach of the contract.

15.    By reason of the foregoing, Plaintiffs have been injured and State Farm has breached the contract of insurance existing between it and Plaintiffs, thereby resulting in actual damages in the sum of sixty-thousand dollars. ($60,000.00), less the deductible in the amount of six thousand four hundred five dollars ($6,405),

16.    Further, pursuant to Mississippi Code Annotated Title 83, §§ 83-1-1 et seq. (1972), commonly referred to as the Mississippi Insurance Code, the Plaintiffs are entitled to penalties, attorneys' fees and costs of these proceedings.

## COUNT TWO
## DECLARATORY AND INJUNCTIVE RELIEF

FILED
LAMAR COUNTY    MAY 3 1 2024    CIRCUIT CLERK

4

17.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 16 of this Complaint and incorporates the same by reference as if fully set forth herein.

18.     As set forth above, Plaintiffs have entered into a contract with the Defendant pursuant to which said Defendant affirmatively represented that it would properly and fully pay benefits. Through the conduct described herein, the Defendant has routinely and unjustifiably denied, impeded and delayed lawful and proper payment of benefits to Plaintiffs.

19.     The Defendant's practices described herein are in breach of the Defendant's contractual obligations to Plaintiffs and are against public policy and said Defendant should be prohibited from engaging in these practices in the future and on a permanent basis.

20.     The Plaintiffs will suffer irreparable harm if the Defendant is permitted to continue to engage in the improper and unlawful practices described in detail above.

21.     The Plaintiffs do not have an adequate remedy at law.

22.     By reason of the foregoing, the Plaintiffs are entitled to declaratory and injunctive relief as set forth above.

## COUNT THREE
## BAD FAITH DAMAGES
## EXTRA-CONTRACTUAL DAMAGES

23.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 22 of this Complaint and incorporates the same by reference as if fully set forth herein.

24.     As set forth above, Plaintiffs have entered into a contract with the Defendant pursuant to which said Defendant affirmatively represented that it would properly and fully pay

5

FILED

LAMAR COUNTY     MAY 3 1 2024     CIRCUIT CLERK

benefits. Through the conduct described herein, the Defendant has routinely and unjustifiably denied, impeded and delayed lawful and proper payment of benefits to Plaintiffs.

25.     State Farm's attempt to invoke the appraisal provision, requiring Plaintiffs' to incur unnecessary costs, failing to properly adjust the claim and provide notice to Plaintiffs of State Farm's position regarding the loss, and delaying payment of a legitimate claim for insurance benefits pursuant to the insurance contract amounts to bad faith delay and or denial. State Farm acted without an arguable or legitimate basis in attempting to invoke the appraisal provision before actually adjusting Plaintiffs' claim. State Farm acted in gross or reckless disregard to the rights of Plaintiffs, State Farm's insureds.

26.     As a direct and proximate result of the separate willful misconduct of State Farm, Plaintiffs further allege that they have suffered extra-contractual damages in the form of use and quiet enjoyment of the Home, emotional distress, frustration and inconvenience.

27.     It is the common, repetitious and continuous practice of State Farm to deny the payment of insurance benefits owed to persons such as Plaintiffs with no arguable basis for said denial. As a result, Plaintiffs request that this Court enter an award of punitive / bad faith damages against State Farm so as to deter State Farm from engaging in the same in the future.

28.     State Farm's attempt to invoke the appraisal provision, requiring Plaintiffs' to incur unnecessary costs, failing to properly adjust the claim and provide notice to Plaintiffs of State Farm's position regarding the loss, and

## COUNT FOUR

AS A SEPARATE CLAIM for damages against Defendants, John Does 1 through 10, Plaintiffs would show the following, to-wit:

6

FILED

LAMAR
COUNTY   MAY 3 1 2024   CIRCUIT
CLERK

29.    Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 28 of this Complaint and incorporate the same by reference as if fully set forth herein in support of the allegations set forth in paragraphs above.

30.    The unknown Defendants, John Does 1 through 10, were negligent, all of whom proximately caused or contributed to the damages suffered by Plaintiffs. All factual allegations mentioned herein are incorporated in this separate claim by reference as a basis for the claim for damages as set out herein against said unknown Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests the following relief:

1.    Declaratory Judgment issue in favor of Plaintiffs adjudicating that property damage benefits are due and payable under the terms of the subject policy;

2.    A money judgment be granted unto Plaintiffs in the sum of sixty-thousand dollars $60,000 together with attorney's fees, litigation costs, statutory penalties, pre-judgment interest, post judgment interest and court costs.

3.    A money judgment be granted to Plaintiffs in the amount of one-million dollars ($1,000,000) for State Farm's failure to exercise good faith and fair dealing by arbitrarily and capriciously denying Plaintiffs claim for property damage / indemnification.

Respectfully submitted,
Keith Coulter & Kim Coulter

BY:    _____

Mathew Wade Gilmer, (MSB# 104685)
ATTORNEY FOR PLAINTIFFS

**FILED**

LAMAR    MAY 3 1 2024    CIRCUIT
COUNTY                          CLERK

7

MATTHEW GILMER & ASSOCIATES
2953 Bienville Blvd, No. 175
Ocean Springs, MS 39564
228-215-0000
E: matt@matthewgilmerlegal.com



## IN THE CIRCUIT OF LAMAR COUNTY, MISSISSIPPI

WILLIAM COULTER, ET AL                                 PLAINTIFFS

v.                              CIVIL ACTION NO.: 37:24cv054 PH

STATE FARM FIRE AND CAUSAULT CO, ET AL          DEFENDANTS

### RULE 4 SUMMONS

THE STATE OF MISSISSIPPI

> TO:
> STATE FARM FIRE AND CAUSAULT COMPANY
> UNITED STATES CORPORATION COMPANY
> 109 EXECUTIVE DRIVE, STE 3
> MADISON, MS 39110

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand deliver a copy of a written response to the Complaint to Matthew Wade Gilmer, the attorney for the Plaintiff(s), whose post office address is 2953 Bienville Blvd. No 175, and whose street address is 2110 S20th St, Gulfport, MS 39501. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

    Issued under my hand and the seal of said Court, this the 6th day of September, 2024.

HON. MARTIN HANKINS,
CIRCUIT CLERK,
LAMAR COUNTY, MISSISSIPPI

BY: _Pam Sellers, D.C._
DEPUTY CLERK

(SEAL)

MARTIN HANKINS, CIRCUIT CLERK
LAMAR COUNTY
PO BOX 369
PURVIS, MISSISSIPPI 39475

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**WILLIAM COULTER AND KIM COULTER**                     **PLAINTIFF**

**VERSUS**                                        **CAUSE NO. 24-cv-054**

**STATE FARM FIRE AND CASUALTY COMPANY**
**AND JOHN DOES 1-10**                                  **DEFENDANTS**

### STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF FILING NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.§ 1446(d)

Please take notice that pursuant to 28 U.S.C. § 1446(d), the Defendant,

STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter "State Farm"), has

removed this case to Federal Court and attaches hereto as Exhibit "A," a stamped

"Filed" copy of the Notice of Removal filed in the United States District Court for

the Southern District of Mississippi, Eastern Division.

With the filing of this Notice and the attached Exhibit "A," this Court shall

proceed no further unless and until the case is remanded.

**DATED**: October 18, 2024.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant,

STATE FARM FIRE AND CASUALTY
COMPANY

BY: _/s/ Calen J. Wills_
    CALEN J. WILLS (MSB 104271)

## CERTIFICATE OF SERVICE

I, **CALEN J. WILLS**, one of the attorneys for the Defendant, **STATE MUTUAL FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Notice of Filing Notice of Removal Pursuant to 28 U.S.C.§ 1446(d) with the Clerk of Court using the MEC system which sent notification of such filing all counsel of record.

**DATED**:  October 18, 2024

BY: _/s/ Calen J. Wills_ _____

CALEN J. WILLS (MSB 104271)

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  calen@bnscb.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**WILLIAM COULTER**
**AND KIM COULTER**                                                   **PLAINTIFFS**

**VERSUS**                                    **CAUSE NO.:** 2:24-cv-164-KS-RPM

**STATE FARM FIRE AND**
**CASUALTY COMPANY AND JOHN DOES 1-10**              **DEFENDANT**

### <u>NOTICE OF REMOVAL</u>

TO:   Honorable Judges of the United States District Court for the Southern
District of Mississippi, Eastern Division

**COMES NOW,** the Defendant, **STATE FARM FIRE AND CASUALTY**

**COMPANY,** improperly named State Farm Insurance, (hereinafter "State Farm"),

by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441,

and 1446 and would respectfully show this Court as follows, to wit:

### I.

Plaintiffs filed their Complaint against the Defendant on May 31, 2024, in the

Circuit Court of Lamar County, Mississippi, said action being designated as *William*

*Coulter and Kim Coulter v. State Farm Fire and Casualty Company and John Does*

*1-10"*, Civil Action No. 37:24cv054 (hereinafter referred to as the "State Court

Action").

### II.

State Farm was served with the Summons and Complaint through its

registered agent on September 18, 2024.  A copy of the Complaint filed in the Circuit

EXHIBIT "A"

Court of Lamar County, Mississippi, is attached hereto as Exhibit "A," pursuant to 28 U.S.C. § 1446. A copy of the proof of service is attached hereto as Exhibit "B."

## III.

Pursuant to 28 U.S.C. § 1446(b), the Defendant files this Notice of Removal within thirty (30) days of being served with Plaintiffs' original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based, and reserves all of its defenses, including those defenses contained in Rule 12 of the Federal Rules of Civil Procedure.

## IV.

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

## **PARTIES**

## V.

In their Complaint, the Plaintiffs plead that are persons of majority domiciled in the State of Mississippi with a residential address of 6 Chandeleur Point, Hattiesburg, Mississippi, 39402. Exhibit A at ¶ 1. Pleading that one is domiciled in a particular state sufficiently alleges citizenship in satisfaction of 28 U.S.C. §1332(a). *See, e.g., MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (recognizing that an individual's citizenship means domicile— "For individuals, 'citizenship has the same meaning as domicile,....'" *citing Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

## VI.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

## DIVERSITY OF CITIZENSHIP

## VII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332.  As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the *properly* joined parties.  28 U.S.C. § 1332(a)(1). As articulated above, the Plaintiff is a citizen of the State of Mississippi and State Farm is a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

## IX.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). Plaintiffs assert that "on June 1, 2021, and again on April 17, 2022, a severe hailstorm struck the Home thereby damaging the roof and other property of the Home beyond repair..  *See* Exhibit "A" at ¶ 10 improperly numbered paragraph 8. Additionally, they assert that they have suffered "actual damages in the sum of sixty-thousand dollars. ($60,000.00, less the deductible in the amount of six though four hundred five dollars ($6,405)."  Id at ¶ 17 improperly numbered paragraph 15. Lastly, they claim that State Farm acted in bad faith in the handling of their claim which caused them to suffer "extra-contractual damages I the form of use and quiet enjoyment of the Home, emotional distress, frustration and inconvenience."  *Id.* at ¶

28 improperly numbered paragraph 26.   In their *ad damnum*, the Plaintiffs seek,

in addition to the aforementioned various damages, recovery of other incidental

costs such as legal expenses and one-million dollars ($1,000,000.00) for State Farm's

failure to exercise good faith and fair dealing by arbitrarily and capriciously

denying Plaintiffs' claim for property damage/indemnification.  *Id* at ¶ "3" on

page 7.

## X.

Given the nature and extent of Plaintiffs' allegations regarding compensatory

damages as well other extracontractual damages, the "matter in controversy"

clearly exceeds the $75,000 jurisdictional limit of this Court.  *Chambley v.*

*Employers Ins. of Wassau*, 11 F.Supp.2d 693, 695 (S.D. Miss. 1998) ("Juries in

Mississippi frequently award damages (compensatory and punitive) in excess of

$75,000 in actions based on wrongful denial of insurance benefits") (emphasis

added).  *See also Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d

600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is

facially apparent from plaintiffs' complaint that the amount in controversy exceeds

$75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for

punitive damages (and accompanying attorney's fees and prejudgment interest)

….") (emphasis added).  If Plaintiffs can prove that State Farm lacked a legitimate

and arguable basis for its conduct in the handling of their claim as they assert

arising from alleged bad faith, then those types of damages would be potentially

recoverable, and those damages, if awarded, would likely reasonably exceed the

jurisdictional minimum of this Court.  *See e.g. Universal Life Ins. Co. v. Veasley*, 610

So.2d 290, 295 (Miss. 1992) (mental anguish damages and attorneys fees permitted on showing of gross negligence or malice even though acts do not rise to the level of warranting punitive damages); *United Services Auto. Ass'n (USAA) v. Lisanby*, 47 So.3d 1172, 1178, ¶18 (Miss. 2010).  As such, State Farm submits that combination of damages claimed, and the causes of action asserted bring the "matter in controversy" to and above the $75,000 jurisdictional minimum threshold of this Court.

## CONCLUSION

### XI.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiffs' counsel as required by law.

### XII.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Clerk of Lamar County, Mississippi.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant, STATE FARM FIRE AND CASUALTY COMPANY, respectfully submits this Notice of Removal from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division.  The Defendant further requests any additional relief to which it may be entitled.

**DATED**:  October 17, 2024

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant,

STATE FARM FIRE AND CASUALTY
COMPANY

BY: /s/ Calen J. Wills
      JOHN A. BANAHAN (MSB 1731)
      CALEN J. WILLS (MSB 104271)

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  john@bnscb.com
Email:  calen@bnscb.com

## CERTIFICATE OF SERVICE

I, **CALEN J. WILLS**, one of the attorneys for the Defendant, **STATE FARM**

**FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date sent by

First Class US Mail and a true and correct copy of the forgoing <u>Notice of Removal</u> to:

Matthew Gilmer
MATTHEW GILMER & ASSOCIATES
2953 Bienville Blvd., No 175
Ocean Springs, MS  39564

**DATED**: October 17, 2024

BY: *Calen J. Wills*
CALEN J. WILLS (MSB 104271)

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  calen@bnscb.com

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

WILLIAM COULTER
AND KIM COULTER                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO.: 37:24CV054

STATE FARM FIRE AND
CASUALTY COMPANY
AND JOHN DOES 1-10                                                 DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

COME NOW the Plaintiffs, William Coulter and Kim Coulter, and file this civil action against the Defendants, State Farm Fire and Casualty Company and John Does 1 through 10, and in support thereof would show unto the Court the following, to-wit:

### PARTIES

1.      Plaintiffs, William and Kim Coulter are adult resident citizens of Lamar County whose residential address is 6 Chandeleur Point Hattiesburg, MS 39402-8724.

2.      Defendant, State Farm Fire and Casualty Company, hereinafter referred to as "State Farm", is a foreign corporation organized and existing by virtue of the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois. Service of process may be had by service of Summons and this Complaint upon State Farm's Registered Agent, United States Corporation Company located at 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or by service upon the Mississippi Department of Insurance Commissioner, Mike Chaney, at 1001 Woolfolk State Office Building, 501 North West Street, Jackson, Mississippi.

3.      Defendants, John Does 1 through 10, are fictitious Defendants, the true identity of each is unknown to Plaintiffs and who are parties herein pursuant to Rule 9(h) of the Mississippi

**FILED**

LAMAR   **MAY 3 1 2024**   CIRCUIT
COUNTY                      CLERK

**EXHIBIT "A"**

Rules of Civil Procedure. When Plaintiffs discover the true identity of each fictitious Defendant, the Complaint shall be amended with service of process to be executed on each party.

### JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court because the property at issue rests in Lamar County, Mississippi and further the acts and/or omissions giving rise to this cause of action occurred in Lamar County, Mississippi.

5.     Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3.

### I. BACKGROUND FACTS

4.     Plaintiffs own a residential structure located at 6 Chandeleur Point Hattiesburg, MS 39402 (hereinafter "Home"). At all times material hereto, there existed a contract between Plaintiffs and Defendants which provided for a policy of insurance which insured the Home against property damage.

5.     The State Farm Homeowners Policy defines *"dwelling"* as "the *building structure* on the *residence premises* used as a primary private residence and includes structures attached to the *dwelling*."[1] Further, under Section I – Property Coverages, Coverage A – Dwelling provided coverage to "the *dwelling* and material and supplies located on or adjacent to the *residence premises* for use in construction, alteration or repair of the *dwelling* or other structures on the *residence premises*." Covered losses under the dwelling coverage provided coverage for "accidental physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and [State Farm] will not pay for, any *diminution in value*."

---

[1] The emphases contained in the quoted language of the policy refer to terms defined in the policy.



2.

LAMAR COUNTY   MAY 3 1 2024   CIRCUIT CLERK

6.      Pursuant to said policy of insurance, State Farm was obligated to pay to Plaintiffs the replacement cost value of any damage to the Home caused by wind and hail pursuant to **Loss Settlement Provision** shown in the ***Declarations***.  The dwelling coverage in Plaintiffs' insurance contract and declarations contained **A1 – Replacement Cost Loss Settlement – Similar Construction** covering the "cost to repair or replace with similar construction and for the same use on the premises shown on the ***Declarations***".

7.      At all times material herein Plaintiffs' Home was insured under the terms and conditions of the contract of insurance. All premiums due pursuant to said contract of insurance were fully paid and Plaintiffs have fully and materially performed all acts precedent to collection of benefits under the terms of said policies of insurance.

8.      On June 1, 2021, and again on April 17, 2022, a severe hailstorm struck the Home thereby damaging the roof and other property of the Home beyond repair. Plaintiffs made a demand that State Farm repair the property damage but the claim was arbitrarily denied.

9.      In response to Plaintiffs' claim for insurance benefits under the dwelling coverage of the Homeowners Policy, State Farm sent a correspondence to Plaintiffs' referencing the appraisal provision of the policy. *See* March 8, 2023 Correspondence attached hereto as **Exhibit 1**. Importantly, State Farm failed to acknowledge a loss based on an occurrence, as required by the appraisal provision.  State Farm failed to adjust the loss by sending a representative to Plaintiffs' residence and arbitrarily attempted to invoke the appraisal provision of the policy.

10.      Plaintiffs allege that State Farm was arbitrary and capricious in the delay and/or denial of Plaintiffs' property damage claims, as State Farm intentionally or recklessly chose to ignore the clear terms of the policies and marketing materials.

**FILED**

LAMAR COUNTY   MAY 31 2024   CIRCUIT CLERK

3

11.     Due to Defendant State Farm's arbitrary and capricious denial of property damage indemnification benefits owed to Plaintiffs, the Plaintiffs are entitled to compensatory damages, statutory penalties, costs and attorney's fees as set forth below.

**COUNT ONE**
**BREACH OF CONTRACT**

12.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 11 of this Complaint and incorporates the same by reference as if fully set forth herein.

13.     Plaintiffs allege that the Defendant arbitrarily and capriciously breached the insurance contract by failing to pay property damage indemnification benefits owed under the terms and conditions of said contracts of insurance.

14.     Plaintiffs allege that the Defendant arbitrarily declined to pay property damage indemnification benefits although there was an undisputed triggering weather event, and clear damage to the Plaintiffs' Home, an accidental direct physical loss as described by the policy. The Plaintiffs further shows that this is a breach of the contract.

15.     By reason of the foregoing, Plaintiffs have been injured and State Farm has breached the contract of insurance existing between it and Plaintiffs, thereby resulting in actual damages in the sum of sixty-thousand dollars. ($60,000.00), less the deductible in the amount of six thousand four hundred five dollars ($6,405),

16.     Further, pursuant to Mississippi Code Annotated Title 83, §§ 83-1-1 et seq. (1972), commonly referred to as the Mississippi Insurance Code, the Plaintiffs are entitled to penalties, attorneys' fees and costs of these proceedings.

**COUNT TWO**
**DECLARATORY AND INJUNCTIVE RELIEF**

FILED

LAMAR COUNTY    MAY 3 1 2024    CIRCUIT CLERK

4

17.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 16 of this Complaint and incorporates the same by reference as if fully set forth herein.

18.     As set forth above, Plaintiffs have entered into a contract with the Defendant pursuant to which said Defendant affirmatively represented that it would properly and fully pay benefits. Through the conduct described herein, the Defendant has routinely and unjustifiably denied, impeded and delayed lawful and proper payment of benefits to Plaintiffs.

19.     The Defendant's practices described herein are in breach of the Defendant's contractual obligations to Plaintiffs and are against public policy and said Defendant should be prohibited from engaging in these practices in the future and on a permanent basis.

20.     The Plaintiffs will suffer irreparable harm if the Defendant is permitted to continue to engage in the improper and unlawful practices described in detail above.

21.     The Plaintiffs do not have an adequate remedy at law.

22.      By reason of the foregoing, the Plaintiffs are entitled to declaratory and injunctive relief as set forth above.

<u>**COUNT THREE**</u>
<u>**BAD FAITH DAMAGES**</u>
<u>**EXTRA-CONTRACTUAL DAMAGES**</u>

23.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 22 of this Complaint and incorporates the same by reference as if fully set forth herein.

24.     As set forth above, Plaintiffs have entered into a contract with the Defendant pursuant to which said Defendant affirmatively represented that it would properly and fully pay

FILED

LAMAR COUNTY   MAY 3 1 2024   CIRCUIT CLERK

benefits. Through the conduct described herein, the Defendant has routinely and unjustifiably denied, impeded and delayed lawful and proper payment of benefits to Plaintiffs.

25. State Farm's attempt to invoke the appraisal provision, requiring Plaintiffs' to incur unnecessary costs, failing to properly adjust the claim and provide notice to Plaintiffs of State Farm's position regarding the loss, and delaying payment of a legitimate claim for insurance benefits pursuant to the insurance contract amounts to bad faith delay and or denial. State Farm acted without an arguable or legitimate basis in attempting to invoke the appraisal provision before actually adjusting Plaintiffs' claim. State Farm acted in gross or reckless disregard to the rights of Plaintiffs, State Farm's insureds.

26. As a direct and proximate result of the separate willful misconduct of State Farm, Plaintiffs further allege that they have suffered extra-contractual damages in the form of use and quiet enjoyment of the Home, emotional distress, frustration and inconvenience.

27. It is the common, repetitious and continuous practice of State Farm to deny the payment of insurance benefits owed to persons such as Plaintiffs with no arguable basis for said denial. As a result, Plaintiffs request that this Court enter an award of punitive / bad faith damages against State Farm so as to deter State Farm from engaging in the same in the future.

28. State Farm's attempt to invoke the appraisal provision, requiring Plaintiffs' to incur unnecessary costs, failing to properly adjust the claim and provide notice to Plaintiffs of State Farm's position regarding the loss, and

## COUNT FOUR

AS A SEPARATE CLAIM for damages against Defendants, John Does 1 through 10, Plaintiffs would show the following, to-wit:

6

FILED

LAMAR COUNTY  MAY 3 1 2024  CIRCUIT CLERK

29.     Plaintiffs adopt and reallege the above and foregoing allegations set forth in paragraphs 1 through 28 of this Complaint and incorporate the same by reference as if fully set forth herein in support of the allegations set forth in paragraphs above.

30.     The unknown Defendants, John Does 1 through 10, were negligent, all of whom proximately caused or contributed to the damages suffered by Plaintiffs. All factual allegations mentioned herein are incorporated in this separate claim by reference as a basis for the claim for damages as set out herein against said unknown Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests the following relief:

1.     Declaratory Judgment issue in favor of Plaintiffs adjudicating that property damage benefits are due and payable under the terms of the subject policy;

2.     A money judgment be granted unto Plaintiffs in the sum of sixty-thousand dollars $60,000 together with attorney's fees, litigation costs, statutory penalties, pre-judgment interest, post judgment interest and court costs.

3.     A money judgment be granted to Plaintiffs in the amount of one-million dollars ($1,000,000) for State Farm's failure to exercise good faith and fair dealing by arbitrarily and capriciously denying Plaintiffs claim for property damage / indemnification.

Respectfully submitted,
Keith Coulter & Kim Coulter


BY:     _____
        Mathew Wade Gilmer, (MSB# 104685)
        ATTORNEY FOR PLAINTIFFS

FILED

LAMAR   MAY 3 1 2024   CIRCUIT
COUNTY                 CLERK

MATTHEW GILMER & ASSOCIATES
2953 Bienville Blvd, No. 175
Ocean Springs, MS 39564
228-215-0000
E: matt@matthewgilmerlegal.com

8



FILED

LAMAR
COUNTY   MAY 31 2024   CIRCUIT
CLERK



**KSB / ALL**
**Transmittal Number: 29910556**
**Date Processed: 09/19/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | William Coulter vs. State Farm Fire and Casualty Company |
| **Matter Name/ID:** | William Coulter vs. State Farm Fire and Casualty Company (16270301) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Lamar County Circuit Court, MS |
| **Case/Reference No:** | 37CI1:24-cv-00054-PH |
| **Jurisdiction Served:** | Mississippi |
| **Date Served on CSC:** | 09/18/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Matthew Gilmer & Associates<br>228-215-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT "B"**

## IN THE CIRCUIT OF LAMAR COUNTY, MISSISSIPPI

WILLIAM COULTER, ET AL                                             PLAINTIFFS

v.                                          CIVIL ACTION NO.: 37:24cv054 PH

STATE FARM FIRE AND CAUSAULT CO, ET AL                  DEFENDANTS

### RULE 4 SUMMONS

THE STATE OF MISSISSIPPI

                        TO:
                        STATE FARM FIRE AND CAUSAULT COMPANY
                        UNITED STATES CORPORATION COMPANY
                        109 EXECUTIVE DRIVE, STE 3
                        MADISON, MS 39110


NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
Matthew Wade Gilmer, the attorney for the Plaintiff(s), whose post office address is 2953 Bienville
Blvd. No 175, and whose street address is 2110 S20th St, Gulfport, MS 39501. Your response must
be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a
judgment by default will be entered against you for the money or other things demanded in the
complaint.

You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 6ᵗʰ day of September, 2024.

(SEAL)

                        HON. MARTIN HANKINS,
                        CIRCUIT CLERK,
                        LAMAR COUNTY, MISSISSIPPI

                        BY Pam Siellers, D.C.
                        DEPUTY CLERK

                        MARTIN HANKINS, CIRCUIT CLERK
                        LAMAR COUNTY
                        PO BOX 369
                        PURVIS, MISSISSIPPI 39475

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Coulter, William and Coulter, Kim

**DEFENDANTS**

State Farm Fire and Casualty Company

**(b)** County of Residence of First Listed Plaintiff   Lamar County, MS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   McLean County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Gilmer & Associates, Matthew Gilmer, 2953 Bienville Blvd. #175, Ocean Springs, MS 39564
228-215-000

Attorneys *(If Known)*
Bryan, Nelson, Schroeder, Castigliola & Banahan, Calen J. Wills, PO Drawer 1529, Pascagoula, MS 39568
228-762-6631

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government   Plaintiff | ☐ 3   Federal Question     *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government   Defendant | ☒ 4   Diversity     *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, 1446

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Oct 17, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Calen J. Wills

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT   $405.00   APPLYING IFP _____   JUDGE   Starrett   MAG. JUDGE   Myers

AMSSDC-5525632