**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WILLIAM COULTER and KIM COULTER** **PLAINTIFFS**

v. **CIVIL CASE NO. 2:24-CV-164-HTW-RPM**

**STATE FARM FIRE AND CASUALTY COMPANY and JOHN DOES 1-10** **DEFENDANTS**

**ORDER**

BEFORE THIS COURT are five (5) motions in limine, filed on January 23, 2026, by Defendant State Farm Fire and Casualty Company ("State Farm"): (1) Motion in Limine No. 1 to Bifurcate Trial **[Dkt. 44**]; (2) Motion in Limine No. 2 to Exclude Non-Expert Opinions **[Dkt. 46]**; (3) Motion in Limine No. 3 to Preclude Testimony, Evidence, and Argument Relating to Policy Interpretation and Mississippi Law **[Dkt. 48]**; (4) Motion in Limine No. 4 to Exclude Reference to Damage to Other Properties **[Dkt. 49]**; and (5) Motion in Limine No. 5 to Exclude Reference to the April 2022 Hail Event **[Dkt. 51]**. State Farm filed supporting memoranda where required. [Dkt. 45; Dkt. 47; Dkt. 50; Dkt. 52]. To date, Plaintiffs William and Kim Coulter ("The Coulters" or "Plaintiffs") have filed no response to any motion, and the time to do so has expired.

Local Uniform Civil Rule 7(b)(3)(E)[1] permits the Court to grant a non-dispositive motion when the opposing party fails to respond; the Rule, however, does not compel that result. L.U. Civ. R. 7(b)(3)(E). This Court therefore has considered whether each requested exclusion follows from the record and the governing law. This Court, in making its determinations herein, also accounts for its separate Orders limiting the testimony of Plaintiffs' expert Bud Summerall and granting in

[1] Local Uniform Civil Rule 7(b)(3)(E) provides: "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U. Civ. R. 7(b)(3)(E).

part and denying in part State Farm's summary-judgment motion. Those rulings leave for trial the Coulters' breach-of-contract claim and their request for declaratory relief concerning whether a covered hail loss occurred. The remaining issues include: whether hail caused covered damage to the Coulters' roof; whether the Coulters provided sufficient notice of the alleged April 17, 2022 loss and, if not, whether the delay substantially prejudiced State Farm; whether State Farm breached the Policy; and the amount of any recoverable actual-cash-value benefits. The Court dismissed the Coulters' bad-faith and other extracontractual claims, their request for punitive damages, and their request for permanent injunctive relief.

The Coulters' Complaint seeks $60,000 in contractual damages, although the Coulters' summary judgment evidence includes Carney's substantially lower estimate of $29,796.18. [Dkt. 1-1 at 4, 7; Dkt. 33-10 at 1–4]. Carney's estimate assigns no depreciation and, therefore, identifies the same amount as both replacement-cost value and actual cash value. [Dkt. 33-10 at 2–4]. This Court's summary judgment ruling did not determine the amount of any contractual recovery. That amount remains for trial and must be determined from admissible evidence establishing the actual cash value of covered damage, subject to the Policy's $5,461 per-occurrence deductible. [Dkt. 33-1 at 3, 23, 40].

## I. LEGAL STANDARD

A motion in limine asks the Court to decide before trial whether anticipated evidence should be excluded. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). The Court

applies Rules 401[2] and 402[3] of the Federal Rules of Evidence to determine relevance and Rule 403[4] to decide whether specified dangers substantially outweigh the probative value of relevant evidence. A pretrial evidentiary ruling remains subject to reconsideration as the record develops because context may alter the balance. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). When admissibility depends on the purpose for which evidence is offered or on a foundation not yet established, the Court may reserve its ruling until trial. *Id.*

## II. DISCUSSION

### A. Motion in Limine No. 1: Bifurcation [Dkt. 44].

State Farm asks the Court to divide trial into a contract-and-coverage phase and, if necessary, a later phase addressing extracontractual and punitive damages. [Dkt. 45 at 1–3]. Rule 42(b)[5] authorizes separate trials when separation would promote convenience, avoid prejudice, or advance expedition and economy. See *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985). The Mississippi authorities on which State Farm relies likewise address separation of contractual coverage issues from punitive-damages evidence. *See Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 897–98 (Miss. 2006).

---

[2] Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

[3] Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. The Rule further provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

[4] Federal Rule of Evidence 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

[5] Rule 42(b) permits a court, for convenience, to avoid prejudice, or to expedite and economize, to order a separate trial of one or more separate issues or claims, while preserving the federal right to a jury trial. Fed. R. Civ. P. 42(b).

The Court's summary judgment ruling has eliminated the bad-faith, extracontractual, and punitive damages claims that would have occupied State Farm's proposed second phase. Only the Coulters' breach of contract claim and their request for declaratory relief concerning coverage and policy benefits remain. No second trial phase, nor statutory gatekeeping hearing is necessary. State Farm's request to bifurcate the surviving claims from claims no longer in the case is therefore moot. Accordingly, Motion in Limine No. 1 [Dkt. 44] is DENIED AS MOOT.

**B. Motion in Limine No. 2: Expert Opinions from Non-Experts [Dkt. 46]**

State Farm identifies William and Kim Coulter, their son William Kyle Coulter, Walter "Dickie" White, Mickey Carney, Jeff McCarty, Daniel Pitts, and Skip Moore as fact witnesses who were not designated to provide expert testimony. [Dkt. 47 at 1–3, 13]. It asks the Court to prevent those witnesses from offering expert opinions about hail causation, the scope and method of repairs, repair costs, depreciation, actual cash value, and whether a claimed cause falls within the policy's coverage. *Id.* at 7–13. State Farm also seeks exclusion of White's report and its technical conclusions. *Id.* at 9–10.

Federal Rule of Evidence 701[6] allows a lay witness to express only an opinion grounded in the witness's firsthand perception, helpful to the factfinder, and free of scientific, technical, or specialized knowledge. Any portion of an opinion that depends on specialized knowledge falls under Rule 702[7], not Rule 701. *United States v. Ebron*, 683 F.3d 105, 136–37 (5th Cir. 2012). Rule

[6] Federal Rule of Evidence 701 limits a lay witness's opinion testimony to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

[7] Federal Rule of Evidence 702 provides that a witness qualified as an expert by "knowledge, skill, experience, training, or education" may offer opinion testimony if the proponent demonstrates to the Court that it is more likely than not that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

602[8] independently requires personal knowledge. A witness may describe firsthand observations and activities, but any lay opinion must be based on those perceptions and may not depend on scientific, technical, or other specialized knowledge. Fed. R. Evid. 602, 701; *Ebron*, 683 F.3d at 136–38.

Rule 26(a)(2)(A)[9] requires a party to identify every witness it may use to present evidence under Rules 702, 703, or 705. When the witness is not required to provide a written report, the disclosure still must identify the subject matter of the anticipated expert testimony and summarize the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(A), (C); L.U. Civ. R. 26(a)(2)(D). Rule 37(c)(1)[10] ordinarily bars undisclosed expert evidence unless the failure to disclose was substantially justified or harmless. In determining whether exclusion is appropriate, courts consider: the explanation for the omission; the importance of the evidence; potential prejudice; and the availability of a continuance. *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

The Coulters designated Summerall as their sole expert and made no expert disclosures for the other witnesses identified in State Farm's motion. [Dkt. 19; Dkt. 33-14; Dkt. 47 at 2–6]. They have offered no explanation for that omission and, having filed no response, have not attempted to demonstrate that it was substantially justified or harmless. Although the proposed opinions could

---

[8] Federal Rule of Evidence 602 provides that a witness may testify only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence establishing personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602.

[9] Federal Rule of Civil Procedure 26(a)(2)(A) requires disclosure of any witness a party may use to present evidence under Rules 702, 703, or 705. For a witness who need not provide a written report, the disclosure must state the subject matter of the anticipated expert testimony and summarize the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(A), (C).

[10] Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to disclose information or identify a witness as required by Rule 26(a) may not use that information or witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

be important to the Coulters' claims, their importance underscores the need for timely disclosure. State Farm was entitled to prepare for trial based on the identification of Summerall as the Coulters' only expert, and reopening expert discovery would delay resolution of the case. The *Hamburger* factors listed above therefore favor exclusion of the undisclosed expert opinions. See *Hamburger*, 361 F.3d at 883–84.

The witnesses addressed by State Farm's motion are William and Kim Coulter; their son, William Kyle Coulter; Walter "Dickie" White of Titan Roofing, who inspected the roof and prepared a written report; Mickey Carney, the general adjuster who prepared the roof-replacement estimate and accompanying photographs; Skip Moore, a roofing professional who inspected the property; Daniel Pitts, whom William Coulter identified among those who inspected the property; and Jeff McCarty of Apex Roofing. None of these witnesses identified in State Farm's motion may offer an undisclosed expert opinion that hail caused a particular roof condition; that the hailstorm alleged to have occurred on June 1, 2021, or April 17, 2022, caused that condition; that the roof requires a particular repair or replacement; that a repair has a particular scope or cost; that an amount represents replacement cost or actual cash value; that the Policy covers a loss; or that State Farm's investigation complied with or departed from an insurance-industry standard. See Fed. R. Evid. 701(c); *Ebron*, 683 F.3d at 136–37. If the Coulters contend that a particular opinion constitutes permissible lay testimony under Rule 701, they must first make a proffer outside the jury's presence establishing that the opinion rests on the witness's firsthand perception and does not depend on specialized knowledge.

This ruling does not bar admissible fact testimony. Subject to the other Rules of Evidence, a witness with personal knowledge may describe the weather experienced by the witness; the property's appearance; leaks, loose shingles, or repairs the witness personally observed or

performed; photographs or measurements the witness made; and communications in which the witness participated. Fed. R. Evid. 602, 701; *Ebron*, 683 F.3d at 138.

White and Carney, likewise, may, describe their own inspections, photographs, actions, and communications, but they may not offer those technical opinions as lay witnesses. Authentication of a document does not, by itself, establish that every statement in the document is admissible. Fed. R. Evid. 801–803, 901.

Rule 703[11] may allow an expert to consider otherwise inadmissible material, but it does not independently admit the material or permit the expert to serve as a conduit for another person's opinion. See *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524–25 (5th Cir. 2013). Consistent with the Court's Order on Summerall's testimony, neither Summerall nor another witness may relay White's causation and replacement opinions to the jury. This Court will not admit White's report merely as the basis of Summerall's opinion. If the Coulters contend that a particular portion is admissible for another purpose or under a hearsay exception, they must obtain a ruling from this Court outside the jury's presence before mentioning or offering it.

Motion in Limine No. 2 [Dkt. 46] is, therefore, GRANTED IN PART and DENIED IN PART. It is granted as to opinions that exceed Rule 701's limits and as to presenting White's report through Summerall or as independent proof of its technical conclusions. It is denied to the extent State Farm seeks to exclude properly founded firsthand fact testimony. This Court reserves any document-specific authentication, hearsay, and Rule 403 questions until a proponent identifies the precise exhibit and purpose outside the jury's presence.

[11] Federal Rule of Evidence 703 permits an expert to rely on otherwise inadmissible facts or data if experts in the particular field reasonably would rely on that type of information. When the underlying material is otherwise inadmissible, it may be disclosed to the jury only if its probative value in helping the jury evaluate the expert's opinion substantially outweighs its prejudicial effect. Fed. R. Evid. 703.

### C. Motion in Limine No. 3: Policy Interpretations and Mississippi Law [Dkt. 48]

State Farm next asks this Court to exclude all testimony, evidence, and argument concerning the interpretation of the policy and Mississippi law. It also seeks to preclude reference to alleged departures from State Farm's internal procedures. [Dkt. 48 at 1–2].

The Court, not a witness or the jury, determines the meaning of an unambiguous insurance policy and instructs the jury on governing law. *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). A witness may not: tell the jury what law governs; construe the policy as a legal matter; or state a legal conclusion about coverage or breach. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). The Court has already applied that rule to Summerall. [Order on Mot. to Strike]. The rule applies equally to all other witnesses.

State Farm's request, however, is overbroad, insofar as it seeks to remove the terms of the insurance policy and the facts to which its terms apply. The surviving claims require the jury to decide whether covered hail damage occurred during the policy period, the amount of any actual-cash-value loss, the disputed facts concerning notice and prejudice, and whether State Farm breached the Policy. The Policy itself, the parties' claim communications, and other competent evidence bearing on those factual questions are relevant. Fed. R. Evid. 401–402. Counsel may argue the evidence under the legal instructions the Court gives; counsel and witnesses may not supply competing interpretations of Mississippi law or ask the jury to disregard those instructions. See *Corban*, 20 So. 3d at 609.

The dismissal of the bad-faith and extracontractual claims also narrows the relevance of State Farm's internal procedures. An alleged departure from an internal claim-handling practice does not establish contractual coverage, the cause of roof damage, or the amount of a covered loss.

Evidence offered only to criticize the quality or reasonableness of State Farm's investigation is therefore irrelevant to the surviving claims and, in any event, would risk confusing the issues and wasting time. Fed. R. Evid. 402–403. A specific internal record or procedure may, nevertheless, become relevant for a distinct purpose, such as explaining a communication or showing what notice State Farm received. This Court will consider such a use only after a proffer outside the jury's presence. See Fed. R. Evid. 104(a), 105.

Motion in Limine No. 3 [Dkt. 48] is GRANTED IN PART and DENIED IN PART. No witness may interpret the policy as a matter of law; offer a legal conclusion about coverage or breach; nor instruct the jury on Mississippi law. Evidence that State Farm departed from its internal claim-handling procedures may not be offered to prove bad faith or an unreasonable investigation, issues no longer before the jury, or to establish or expand the coverage provided by the Policy. This ruling does not categorically exclude an internal record or procedure offered for another relevant purpose, such as showing what notice State Farm received. A party seeking to introduce such evidence for another purpose must first obtain a ruling from this Court outside the jury’s presence.

### D. Motion in Limine No. 4: Other Properties and Claims [Dkt. 49]

State Farm seeks to exclude evidence that neighborhood roofs were repaired or replaced, that Summerall's nearby roof was replaced, and that the Coulters' son allegedly obtained a different claim result for another property. [Dkt. 50 at 2–5, 7–9]. State Farm represents that the son's property is approximately five miles from the Coulters' residence. *Id.* at 9 n.1. State Farm argues that the Coulters cannot establish that the properties sustained damage from the same storm, that the work occurred for the same reason, or that the other claims involved comparable policies and evidence. *Id.*

Evidence of another occurrence offered to prove causation requires a foundation showing that the circumstances were substantially similar; the required degree of similarity depends on the purpose for which the evidence is offered. *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir. 1986). The present record supplies no non-speculative basis to conclude that another insurer's payment, State Farm's handling of the son's claim, or a neighbor's roof replacement arose from the same storm, the same physical conditions, comparable policy terms, and comparable claim evidence. [Dkt. 50 at 2–5, 7–9]. Those claim outcomes do not tend to prove that the Coulters' roof sustained covered hail damage, and exploring them would invite collateral mini-trials. Fed. R. Evid. 401–403.

The Court's Summerall Order already bars him from using the replacement of his roof or other neighborhood roofs as expert proof that the same storm damaged the Coulters' roof. [Order on Mot. to Strike § III.C]. That portion of the present motion is duplicative. The same reasoning bars any witness from relying on an insurance payment, or roof replacement alone to prove causation or coverage here.

A categorical prohibition on every observation involving nearby property would reach too far. A witness with personal knowledge may offer properly founded testimony about the storm itself—for example, hail the witness observed at a particular time and place. Such evidence may bear on whether a hail event occurred near the insured property. Fed. R. Evid. 401, 602. If a party seeks to introduce evidence of damage to another property to prove that the same storm damaged the Coulters' roof, however, the party must first establish that the other property is sufficiently similar in the respects material to that inference, including the timing and location of the alleged damage, the property's exposure to the storm, and any pertinent physical characteristics. See

*Jackson*, 788 F.2d at 1082–83. The party must establish that foundation outside the jury's presence before mentioning another property's damage, repair, replacement, or insurance claim.

Motion in Limine No. 4 [Dkt. 49] is GRANTED IN PART and DENIED IN PART. Evidence of another insurer's claim decision or payment, State Farm's handling of the claim submitted by the Coulters' son, or the mere fact that another roof was repaired or replaced may not be offered to prove that the same storm damaged the Coulters' roof or that State Farm breached the Policy. The motion, though, is denied as to properly-founded firsthand testimony about contemporaneous weather. Before mentioning physical conditions, damage, repairs, or replacement at another property as evidence of causation, the proponent must establish relevance and substantial similarity outside the jury's presence.

### E. Motion in Limine No. 5: The Alleged April 17, 2022 Hail Event [Dkt. 51]

Lastly, State Farm asks this Court to exclude every reference to the alleged April 17, 2022 hail event on the basis that the Coulters did not submit a separate claim identifying that date before suit. [Dkt. 52 at 2–3, 5–6]. State Farm relies principally on *Alaniz v. Sirius Int'l Ins. Corp.*, 626 F. App'x 73 (5th Cir. 2015), which affirmed summary judgment under Texas law after an undisputed delay and an unrebutted showing that the delay prejudiced the insurer's investigation. *Id.* at 77–79.

This Court previously has resolved the controlling premise against State Farm at summary judgment. The absence of a separately numbered April 2022 claim did not, by itself, establish a policy breach, and the record presented fact questions concerning the notice State Farm received and whether any delay substantially prejudiced its ability to investigate. [Order on Mot. for Summ. J. § IV.B]. Under Mississippi law, an insured's failure to comply with a notice provision does not automatically forfeit coverage. The insurer must demonstrate that the delay substantially prejudiced its ability to investigate or defend the claim, and prejudice ordinarily presents a fact

question when the material circumstances are disputed. *Capital City Insurance Co. v. Ringgold Timber Co.*, 898 So. 2d 680, 682–83 (Miss. Ct. App. 2004); *Jackson v. State Farm Mutual Automobile Insurance Co.*, 880 So. 2d 336, 341 (Miss. 2004).

Whether an April 17, 2022, storm caused covered damage during the policy period, whether the Coulters gave sufficient notice, and whether any delay prejudiced State Farm remain material issues on the surviving contract and declaratory claims. Evidence that tends to prove or disprove those facts is relevant. Fed. R. Evid. 401–402. A blanket exclusion would improperly remove disputed issues reserved for trial. Motion in Limine No. 5 [Dkt. 51] is therefore DENIED. This ruling does not relax the other evidentiary limitations in this Order or the Summerall Order. Any testimony concerning the alleged April 2022 event must rest on personal knowledge or an admissible expert opinion. Consistent with this Court's previous Order, Summerall may not attribute roof damage to April 17, 2022, or any other particular storm date unless the Court first determines outside the jury's presence that the proposed opinion is admissible. Fed. R. Evid. 602, 701–703; [Dkt. 55 at 13–14, 17–18].

## III. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant State Farm Fire and Casualty Company's motions in limine are resolved as follows:

(1) Motion in Limine No. 1 to Bifurcate Trial **[Dkt. 44]** is **DENIED AS MOOT**;

(2) Motion in Limine No. 2 to Exclude Non-Expert Opinions **[Dkt. 46]** is **GRANTED IN PART** and **DENIED IN PART** as set forth in Section II.B;

(3) Motion in Limine No. 3 concerning Policy Interpretation and Mississippi Law **[Dkt. 48]** is **GRANTED IN PART** and **DENIED IN PART** as set forth in Section II.C;

(4) Motion in Limine No. 4 concerning Other Properties and Claims **[Dkt. 49]** is **GRANTED IN PART** and **DENIED IN PART** as set forth in Section II.D; and

(5) Motion in Limine No. 5 concerning the alleged April 17, 2022, Hail Event **[Dkt. 51]** is **DENIED**.

Counsel must instruct their witnesses consistently with these rulings. A party who believes that trial developments justify reconsideration must raise the issue outside the jury's presence before referring to the challenged evidence. See *Luce*, 469 U.S. at 41–42.

**SO ORDERED AND ADJUDGED this the 29th day of September, 2026.**

/s/HENRY T. WINGATE____________________
**UNITED STATES DISTRICT COURT JUDGE**